JOEL LIEBERMAN, Respondent, *v.* NEW YORK RAPID TRANSIT CORPORATION, Appellant.

Supreme Court, Appellate Term, Second Department, June 28, 1929.

*George D. Yeomans* [*William J. Martin* with him on the brief], for the plaintiff.

*Benjamin I. Sperling,* for the defendant.

PER CURIAM. Judgment and order unanimously reversed upon the law, and new trial granted, with thirty dollars costs to appellant to abide the event.

If plaintiff's proof were to be credited, the jury might have found that the defendant was negligent and that the plaintiff was free of negligence. That proof would have justified the finding that ice had been on the subway stairs for at least thirty-four hours before the accident happened, and that that caused the accident. This was ample time to give defendant notice. Whether the plaintiff was negligent was a question of fact.

The court erred, however, in refusing to charge that before the plaintiff could recover the jury had to find that there was ice on the steps. This was the allegation of the plaintiff's complaint, and the basis of his claim. He said he slipped on the ice on the steps. No other condition of the steps that could be claimed to be dangerous was shown. The only basis upon which defendant possibly could be held liable was the presence of ice on the steps and the fact that it had been there for a long period. Under the refusal of the court to charge this request, the jury could have found the defendant liable even though there was no ice on the steps. The court also should have made plain to the jury what the law is on the question of notice.

Present — CROPSEY, McCRATE and LEWIS, JJ.